UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON KEITH WATSON,

Plaintiff,

-against-

UNIVERSITY OF WISCONSIN SYSTEM; RENNE WACHTER, President of the University System,

Defendants.

1:26-CV-8245 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Brandon Keith Watson, of Los Angeles, California, who appears *pro se*, brings this action seeking unspecified relief. His unsigned complaint is difficult to understand. Named as Defendants are: (1) the University of Wisconsin System; and (2) Renée Wachter, the interim President of the Universities of Wisconsin. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Western District of Wisconsin.

**DISCUSSION**

Under the appropriate venue provision for this action, 28 U.S.C. § 1391(b), a federal civil action may, unless otherwise provided by law, be filed in a United States District Court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of this venue provision, a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to

sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff alleges nothing to suggest that either of the Defendants reside within the State of New York, let alone, within this judicial district.[1] It would appear that both Defendants reside in Wisconsin, and that at least one of them resides in Wisconsin's capital, Madison, in Dane County, which lies within the Western District of Wisconsin. *See* 28 U.S.C. § 130(b). Thus, under Section 1391(b)(1), the United States District Court for the Western District of Wisconsin, and not this court, is a proper venue for this action.

While Plaintiff, in his complaint, makes three references to Madison Square Garden (ECF 1, at 5-6), which lies within this judicial district, he alleges nothing about that location that is understandable, and nothing to suggest that a substantial part of the alleged events occurred within this judicial district. Rather, especially given that the named Defendants reside in Wisconsin and that at least one of them resides in Madison, Wisconsin, he appears to allege that a substantial part of the events that are the basis for this action occurred in Wisconsin, including in Madison, which, as discussed above, lies within the Western District of Wisconsin. Thus, under Section 1391(b)(2), the United States District Court for the Western District of Wisconsin, and not this court, is a proper venue for this action.

Under 28 U.S.C. § 1406(a), if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). As discussed above, under both Section

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

1391(b)(1) and (2), the United States District Court for the Western District of Wisconsin is a proper venue for this action, and Plaintiff alleges nothing to suggest that this court is also a proper venue for this action. Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the Western District of Wisconsin. *See id.*

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of Wisconsin. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 29, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge